**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UHLIG LLC d/b/a CONDOCERTS™ and
d/b/a WELCOMELINK®

          Plaintiff/Counter-Defendant,

v.

REALPAGE, INC., and TOMTE, INC. d/b/a
REXERA,

          Defendants/Counter-Plaintiffs.

Case No. 2:26-CV-2144

**PLAINTIFF'S *UNOPPOSED* MOTION TO SEAL ECF 9**

Pursuant to D. Kan. Rule 5.4.2, Plaintiff Uhlig LLC d/b/a CondoCerts™ and WelcomeLink® ("Uhlig") respectfully submits this motion to maintain the sealing of certain portions of Defendants' Answer and Original Counterclaim (ECF 9).

Specifically, Uhlig seeks to maintain under seal ECF 9 and to refile a public version with redactions of confidential information. The proposed redactions would allow for virtually all of the document to remain public. In accordance with Rule 5.4.2, the proposed redactions are being emailed to chambers simultaneously with this filing.

Counsel for Uhlig contacted counsel for Defendants to inquire regarding the relief requested herein, and Defendants do not oppose the relief requested by this Motion.

**I.      Description of Portions of ECF 9 that Uhlig Requests to Maintain Under Seal.**

ECF 9 contains confidential information that was exchanged in the context of settlement discussions that were protected by Federal Rule of Evidence 408 and a separately executed Confidentiality Agreement. The confidential information includes:

| ECF No. | Description | Redactions |
|---|---|---|
| 9 | Confidential settlement and business information | p. 3 (last paragraph)<br>p. 4 (second phrase of last sentence of second paragraph)<br>p.7 (third full paragraph, first and second sentences, beginning on line 2 with "unless . . ." and ending on line 4 with ". . . for response.")<br>p. 8 (first full paragraph except for first sentence; last phrase (beginning with "unless") of first sentence of second full paragraph)<br>p. 25 (last phrase of second to last sentence in par. 150)<br>p. 33 (first sentence of paragraph 182; all of paragraph 183)<br>p. 38 (last four words of the heading; all of par. 196; first phrase of first sentence, and last phrase of last sentence, of par. 197; last phrase of last sentence of par. 198)<br>p. 39 (portion of par. 199 within the em dashes)<br>p. 42 (last phrase of par. 205)<br>p. 45 (last phrase of last sentence of par. 214)<br>p. 47 (last phrase of last sentence of par. 219)<br>p. 50 (last phrase of last sentence of par. 232) |

**II.   Confidentiality Interest to be Protected and Why Such Interests Outweigh Presumption of Public Access.**

A "party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Luo v. Wang*, 71 F.4th 1289, 1304 (10th Cir. 2023) (citation and internal quotation marks omitted). "The Court may order the sealing of documents if competing interests outweigh the public's interest." *Parker v. United Airlines, Inc.*, 49 F.4th 1331, 1343 (10th Cir. 2022).

ECF 9 is incredible in that, without apology, it alleges communications and information exchanged by the parties in pre-lawsuit settlement discussions, which settlement discussions were covered by a very restrictive Confidentiality Agreement. The Confidentiality Agreement is so restrictive that it precludes the agreement itself from being disclosed. (Uhlig nevertheless is

prepared to produce the agreement if Defendants dispute its terms.) Under the terms of the agreement, the parties agreed not to disclose communications between them, including any offers and responses. The circumstances leading to the settlement discussions are described in paragraphs 180 through 182 of ECF 9. The terms and/or existence of offers and counter-offers made during the settlement discussions are described in the remaining proposed redactions.

Uhlig believes that Defendants' disclosure of these communications is a clear violation of the Confidentiality Agreement. Thus, Uhlig intends to file a motion to strike under Fed.R.Civ.Pro. 12(f) which would include the redacted portions of ECF 9. Until that motion is considered and ruled upon, Uhlig requests by this Motion that the redacted portions remain under seal.

To be clear, this Motion seeks only to protect from public disclosure confidential communications that were covered by F.R.E. 408 by express designation, agreement of the parties, and operation of that rule. While reserving the right to contest that Defendants accurately described the content and context of the confidential information they included in ECF 9, there is no question the information they are attempting to publicly disclose was shared in confidential settlement communications between the parties in an effort to resolve their dispute short of litigation. Importantly, the communications concerned <u>negotiations of potential business arrangements and terms under which the parties might be willing to execute those potential arrangements</u>. Uhlig cannot provide further detail in this Motion without revealing those potential arrangements, but they are evident (at least as Defendants seek to represent them, which Uhlig contests) from the redacted sentences.

Thus, the redacted sentences should remain sealed for two reasons. First, Rule 408 expressly prohibits admission of offers to compromise to prove validity of a claim. "Rule 408 aims to foster settlement discussions in an individual lawsuit, and therefore insulates the particular

4917-2611-1910.2

parties to a settlement discussion from possible adverse consequences of their frank and open statements." *In re A.H. Robins Co., Inc.*, 197 B.R. 568, 572 (E.D. Va. 1994). There is no conceivable basis under which the allegations in the redacted paragraphs would be deemed admissible under Rule 408 and, thus, there is no public interest in allowing the allegations to be unsealed.

Second, this Court repeatedly has confirmed that contract negotiations for future potential business arrangements are competitive information that warrant sealing. *See, e.g., In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 17-MD-2785-DDC-TJJ, 2020 WL 7396915, at *2 (D. Kan. Dec. 17, 2020) ("The redacted portions conceal information about Mylan and Sanofi's confidential strategic planning for pricing, sales, and marketing, as well as information about contract negotiations. The court finds that these limited redactions properly protect the parties' confidential business information."); *In re Winter Storm Uri Nat. Gas Litig.*, 772 F. Supp. 3d 1246, 1272 (D. Kan. 2025) (quoting *In re EpiPen*); *see also Parker*, 49 F.4th at 1343 (10th Cir. 2022) (allowing "sealing of documents reflecting a party's finances and business practices.") The redacted communications warrant the same protection here, particularly where they reflect potential Uhlig business plans, and Uhlig executed a Confidentiality Agreement that specifically prevents disclosure.

With the redactions, the public will still have a full understanding of the claims and counterclaims asserted by the parties. The details of the parties' failed settlement negotiations have nothing to do with these claims and counterclaims, and their disclosure risks substantial competitive harm to Uhlig.[1]

---

[1] Uhlig notes that paragraph 183 purports to summarize an offer made by Defendants to resolve this dispute. This paragraph still should remain sealed. First, the 2006 Advisory Committee Notes to Rule 408 confirms that a party cannot admit even its own statements made in settlement discussions. But more germane for purposes of sealing, the alleged offer fits within the type of

4

Finally, the redactions are the least restrictive manner in which to protect against disclosure. The redactions are narrowly tailored to specific communications and are far more limited than sealing the entirety of the document.

WHEREFORE, Plaintiff Uhlig LLC d/b/a CondoCerts™ and WelcomeLink® respectfully moves this Court for entry of an order maintaining the sealing of ECF 9, with instructions to file a redacted version within 14 days of the Court's order, and for whatever further relief the Court deems just.

Respectfully submitted this 1st day of May, 2026.

KUTAK ROCK LLP

s/ Juliet A. Cox
Juliet A. Cox, KS Bar #17016
2405 Grand Blvd., Suite 600
Kansas City, MO 64108
Tel: (816) 960-0090
Fax: (816) 960-0041
juliet.cox@kutakrock.com

and

Thomas W. Snyder, CO Bar #33106
(admitted pro hac vice)
Hannah E. Huston, CO Bar #59293
(admitted pro hac vice)
KUTAK ROCK LLP
2001 16th Street,, Suite 1800
Denver, CO 80202
Tel: 303-297-2400
Fax: 303-292-7799
Thomas.snyder@kutakrock.com
Hannah.huston@kutakrock.com

***ATTORNEYS FOR PLAINTIFF***

---

"contract negotiations" that courts have held to merit sealing. Indeed, to the extent that Uhlig allegedly rejected Defendants' offer, that rejection reflects mental impressions and plans of Uhlig executives. Revealing such impressions and plans to competitors places Uhlig in a competitive disadvantage.

4917-2611-1910.2

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May, 2026 the foregoing was filed via CM-ECF, which will automatically send an electronic copy to all counsel of record.

s/ *Juliet A. Cox*
*ATTORNEYS FOR PLAINTIFF*

6

4917-2611-1910.2