**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UHLIG LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-2144-TC-ADM |
| | ) | |
| REALPAGE, INC AND | ) | |
| TOMTE, INC. d/b/a REXERA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Uhlig LLC ("Uhlig") and defendants RealPage, Inc. and TOMTE, Inc. d/b/a Rexera (collectively, "defendants") are companies involved in managing and providing common interest community documents needed to purchase, sell, finance, refinance and transfer residential real estate located in common interest residential communities such as homeowners' associations, condominiums, co-ops, etc.  Uhlig filed this lawsuit against defendants, asserting claims for trade secret misappropriation.  (ECF 1.)  This matter is now before the court on Uhlig's Unopposed Motion to Seal or Redact ECF 9.  (ECF 27.)  By way of this motion, Uhlig asks the court to redact "confidential information that was exchanged in the context of settlement discussions that were protected by Federal Rule of Evidence 408 and a separately executed Confidentiality Agreement," which appears in Defendants' Answer and Original Counterclaim (ECF 9).

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right is not absolute, however, and a court has discretion to seal documents "where countervailing interests heavily outweigh the public interests in access to the judicial record." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quotation omitted).  The public's interests are presumptively paramount, and a party

seeking to file documents under seal "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Williams v. FedEx Corp. Servs*., 849 F.3d 889, 905 (10th Cir. 2017) (quotation omitted).  The court "should seal documents based only on articulable facts known to [it], and not based on unsupported hypothesis or conjecture."  *Assessment Techs. Inst., L.L.C. v. Parkes*, No. 19-2514-JAR-KGG, 2020 WL 1433470, at *1 (D. Kan. Mar. 24, 2020); *see also Bryan v. Eichenwald*, 191 F.R.D. 650, 653 (D. Kan. 2000) ("A speculative possibility does not justify limiting public access to judicial records.").

Here, Uhlig does not articulate specific facts supporting any real and substantial interest that would justify sealing.  Uhlig argues that Defendants' Answer and Original Counterclaim should be redacted "to protect from public disclosure confidential communications that were covered by F.R.E. 408"—specifically, "communications and information exchanged by the parties in pre-lawsuit settlement discussions, which settlement discussions were covered by a very restrictive Confidentiality Agreement," including "[t]he circumstances leading to the settlement discussions" and "[t]he terms and/or existence of offers and counter-offers made during the settlement discussions."   (ECF 27, at 2-3.)  But Rule 408 is an evidentiary rule concerning admissibility.  It has no bearing on the standard for sealing or redacting a document filed in the case.  Likewise, the mere existence of a confidentiality agreement or its terms have no bearing on the standard for sealing or redactions.  Rather, the public's interest in access to the judicial record is the paramount interest here, and Uhlig has failed to articulate any facts upon which the court may base a finding of a public or private harm that would overcome the public's right of access. The mere fact that the parties may have had prior business negotiations is intertwined with the

2

circumstances that led to the filing of this lawsuit and has no bearing on whether documents should be sealed or redacted.  For these reasons, the court denies Uhlig's motion.

Lastly, given Uhlig's penchant for filing motions to seal or redact in prior cases in this court,[1] the court cautions the parties that they should give serious consideration to whether they have real and substantial interests that would justify sealing or redaction before filing any further such motions in this case.  While the court does not foreclose the possibility that the parties may at some point file some very limited information that meets this court's standards for under-seal filings and/or redactions, they would be well advised to be far more circumspect with any such requests.  The court does not intend to allow the docket in this case to be unnecessarily cluttered with under-seal filings and redactions.

**IT IS THEREFORE ORDERED** that Uhlig's Unopposed Motion to Seal or Redact (ECF 27) is denied.  The clerk is directed to unseal ECF 9.

**IT IS SO ORDERED.**

Dated May 8, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

---

[1] *See Uhlig LLC v. Corelogic, Inc. et al.*, Case No. 21-2543-DDC-GEB; *Uhlig LLC v. PropLogix, LLC,* Case No. 22-2475-KHV-ADM.