IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UHLIG, LLC d/b/a CondoCerts and d/b/a
WelcomeLink,

       Plaintiff/Counter Defendant,

       v.

REALPAGE, INC., TOMTE, LLC d/b/a Rexera,
and NEXTLEVEL ASSOCIATION SOLUTIONS,
INC. d/b/a HomeWiseDocs.com,

       Defendants/Counter Claimants.

Case No. 26-2144-TC-ADM

## SCHEDULING ORDER

On July 2 and 21, 2026, U.S. Magistrate Judge Angel D. Mitchell conducted a scheduling conference in accordance with Fed. R. Civ. P. 16, by phone.  Plaintiff Uhlig LLC d/b/a CondoCerts™ and d/b/a WelcomeLink® appeared through counsel Juliet A. Cox, Thomas W. Snyder, and Hannah E. Huston of Kutak Rock LLP.  Defendants RealPage, Inc., TOMTE, LLC d/b/a Rexera, and NextLevel Association Solutions, Inc. d/b/a HomeWiseDocs.com appeared through counsel Brad Gordon, Brett Rosenthal, and Jamison Joiner of Reese Marketos LLP and Michael T. Raupp and Mitchell J. Perne of Husch Blackwell LLP, by telephone.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order and ESI protocol submitted to court or contact the court to request pre-motion conference (only if parties disagree about need for and/or scope of order) | **July 16, 2026** |
| Motions to amend | **August 14, 2026** |
| Substantial completion of document production | **October 2, 2026** |
| Experts disclosed as to issues on which a party has the burden of proof | **December 18, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| Responsive expert disclosures | **January 15, 2027** |
| Rebuttal expert disclosures | **January 25, 2027** |
| Discovery completed | **February 5, 2027** |
| Proposed pretrial order due | **February 12, 2027** |
| Mediation completed | **February 19, 2027** |
| Pretrial conference | **February 23, 2027, at 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **March 12, 2027** |
| Motions challenging the admissibility of expert testimony | **March 12, 2027** |
| Trial — ETT 10 days | **December 7, 2027, at 9:00 a.m.** |

1.      **Alternative Dispute Resolution (ADR).**

The parties do not believe that early mediation would be helpful.  Before Uhlig filed this lawsuit, the parties engaged in extended but unsuccessful discussions regarding a potential resolution.  The parties intend to continue to explore settlement as the case moves forward and have agreed to a mediation deadline of **February 19, 2027**.

2.      **Discovery.**

a.      The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance.  Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e).  In addition, supplemental disclosures must be served 40 days before the deadline to complete all discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires.  Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded under Fed. R. Civ. P. 37(c)(1).

b.      All discovery must be commenced or served in time to be completed by **February 5, 2027**.  The parties have agreed that, if necessary, expert depositions may be taken beyond the close of discovery. The parties will coordinate to ensure that any such expert deposition are taken promptly and not affect any other deadlines in this order.

c.      The parties agree that principles of comparative fault do not apply.

d.      Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as to issues on which a party has the burden of proof by **December 18, 2026**; a party responding to or opposing

such an expert must serve responsive expert disclosures by **January 15, 2027**; and a party may serve disclosures limited to rebutting responsive experts by **January 25, 2027**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law) within 14 days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

e.        The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 are not appropriate in this case.

f.        Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows: the parties have already submitted their stipulated ESI protocol via email to the undersigned's chambers, and the court intends to have the clerk's office file it on the docket.

g.        Each side may take no more than 12 fact witness depositions, plus experts. Beginning on **October 15, 2026**, and on the **15th of each month** thereafter through the close of discovery, the parties must file joint status reports explaining the parties' progress scheduling depositions.  Depositions will be governed by the guidelines on the court's website:

*https://ksd.uscourts.gov/file/843*

**h.**        Discovery may be governed by a protective order.  The parties agree on the need for a protective order and will confer and submit a jointly proposed protective order, together with the jointly proposed ESI protocol, by **July 16, 2026**.  This proposed protective order will be drafted in compliance with the guidelines available on the court's website:

*https://ksd.uscourts.gov/file/919*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c).  A pre-approved form protective order is available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must first meet and confer, and then contact the court to request a pre-motion conference, by **July 16, 2026**.

**i.**        The parties consent to electronic service of disclosures and discovery requests and responses.  *See* Fed. R. Civ. P. 5(b).

**j.**        The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.    Motions.**

a.    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **August 14, 2026**.

b.    All potentially dispositive motions (e.g., motions for summary judgment) must be filed by **March 12, 2027**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

c.    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

*https://ksd.uscourts.gov/file/326*

d.    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **March 12, 2027**.

e.    Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel.  The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone.  The court will typically grant the request and contact the parties to arrange the conference within a few days.  The court will inform

the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference.  *See* D. Kan. Rule 37.1(a).

f.       To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.       Pretrial Conference, Trial, and Other Matters.**

a.       Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **February 23, 2027, at 10:00 a.m.** by telephone (913-423-1010; conference ID 172 480 243).  However, the court may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **February 12, 2027**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to ksd_mitchell_chambers@ksd.uscourts.gov.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

b.       The parties expect the jury trial of this case to take approximately 10 trial days. This case is set for trial beginning on **December 7, 2027, at 9:00 a.m.** in Kansas City, Kansas. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

**c.**     If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

**d.**     This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated July 22, 2026, at Kansas City, Kansas.

s/Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge