## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UHLIG LLC d/b/a CONDOCERTS™ and
d/b/a WELCOMELINK®

         Plaintiff/Counter-Defendant,

v.

REALPAGE, INC., TOMTE, LLC d/b/a
REXERA, and NEXTLEVEL ASSOCIATION
SOLUTIONS, INC. d/b/a HOMEWISEDOCS,

         Defendants/Counter-Plaintiffs.

Case No. 2:26-CV-2144

## PLAINTIFF/COUNTER-DEFENDANT UHLIG LLC'S RESPONSE TO DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR LEAVE TO FILE RESPONSE BRIEF OF UP TO 17 PAGES

Plaintiff/Counter-Defendant Uhlig LLC d/b/a CondoCerts™ and d/b/a WelcomeLink® ("**Uhlig**") submits its response to Defendants' Motion for Leave to File Response Brief of Up to 17 Pages (Doc. 54) (the "**Motion**").

### LEGAL STANDARD

D. Kan. Rule 5.1(a) requires that "[p]leadings, motions, briefs, and other papers submitted for filing must be typewritten or printed on letter-size paper, double-spaced, in no less than 12-point (10-point for footnotes), Times New Roman or similar, uncompressed font."

### ANALYSIS

Defendants' Motion seeks leave to file a 17-page response because Uhlig's motion to dismiss used Microsoft Word "Exactly-24" line spacing, and Defendants further ask the Court to direct the parties not to use "24-point or exact spacing" in future filings. Uhlig is indifferent to whether the Court grants Defendant's Motion insofar as it requests additional pages to respond to

4905-6856-6980.1

Uhlig's motion to dismiss. Uhlig files this response mainly to oppose Defendants' assertion that Uhlig's formatting violated the Local Rules.

Local Rule 5.1(a) requires double spacing; it does not specify a particular Microsoft Word menu selection. Defendants' argument therefore rests not on the text of the Local Rule, but on out-of-circuit decisions interpreting other courts' formatting practices and on their view that Word's "Double" preset is the only permissible way to achieve double spacing. *E.g., Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, No. 3:19-cv-0515-KDB-DSC, 2022 WL 1081850, at *2 (W.D.N.C. Apr. 11, 2022).

The better reading of the formatting authorities is functional. Courts police spacing rules to prevent parties from compressing briefs, evading page limits, or gaining an unfair advantage by using reduced spacing, small type, narrow margins, or excessive single-spaced footnotes. *See, e.g., TK-7 Corp. v. Estate of Barbouti*, 966 F.2d 578, 579 (10th Cir. 1992) (striking brief where counsel moved material into shrunken footnotes and "toy[ed] with their computers" to compress rather than edit); *Westinghouse Elec. Corp. v. NLRB*, 809 F.2d 419, 425 n.* (7th Cir. 1987) (sanctioning effort to "stuff a 70-page brief into 50 pages" through reduced spacing, type, and margins); *Fleming v. County of Kane*, 855 F.2d 496, 498 (7th Cir. 1988) (warning against hiding excess text in footnotes or disregarding spacing, margin, and typeface requirements).

That is not this case. Uhlig used a fixed 24-point line setting with 12-point text, *i.e., **a line interval equal to twice the font size that is required by Local Rule 5.1(a).*** That is a reasonable, good-faith implementation of double spacing, not an attempt to use 1.5 spacing, shrink footnotes, reduce type size, narrow margins, or otherwise evade the page limit. The cases Defendants cite may reflect a different preference in other courts, but they do not establish that Uhlig violated this Court's Local Rules. Indeed, in the exchange of letters that Defendants submit as Exhibit B,

4905-6856-6980.1

Defendants cite to *Lopez v. The Gap*, No. 1:11-cv-3185-PAE, Doc. 42 (S.D.N.Y. May 3, 2012), wherein the defense counsel explained in rational terms why Exactly-24 spacing was compliant with court rules. Doc. 54, Ex. B., 4/27/12 Weinberger letter ("[T]he brief employs 12 point Times New Roman font in Microsoft Word with the line spacing at exactly 24 points, *i.e.*, double the line height, for brief text, and exactly 12 points, *i.e.*, single line height for block quotes and footnotes.") While the court apparently granted the request for a page extension, it did not rule that the Exactly-24 spacing was inappropriate. *See id.* at Ex B, 5/3/12 Order Stamp.

District of Kansas authority also supports a purpose-based approach. In *Kidwell v. Board of County Commissioners of Shawnee County*, the court described formatting requirements as 12-point font, one-inch margins, and "double spacing between each line of text," with single spacing allowed for indented quotations and footnotes. 40 F. Supp. 2d 1201, 1208–09 (D. Kan. 1998). In *St. Francis Regional Medical Center v. Critical Care, Inc.*, the court warned parties not to circumvent page limits by "tampering with standard margins, leading, spacing, or font-size," and specified that single spacing could be used only in block quotes and footnotes. 997 F. Supp. 1413, 1440 (D. Kan. 1997). Those decisions address gamesmanship and compression; they do not hold that a party violates the Local Rules by using an exact 24-point line setting for 12-point text.

Moreover, and for what it is worth, Uhlig's observations of submissions in this district are that Exactly-24 spacing is not unusual. In particular, as Defendants have pointed out in prior filings, Uhlig participated in an intense and hard-fought lawsuit, *Uhlig LLC v. CoreLogic, Inc. et al.,* Case No. 2:21-cv-02543-DDC-GEB, which resulted in over 460 submissions to and by the Court, many of which were submitted by CoreLogic in Exactly-24 line spacing. *See, e.g.*, *Corelogic*, Doc. Nos. 207, 303, 331, 358, 371. Neither the parties, Magistrate Judge Birzer, nor Judge Crabtree raised any issues with the use of this spacing in *CoreLogic*.

3

4905-6856-6980.1

Accordingly, Uhlig does not oppose Defendants' request for additional pages, but the Court should grant any enlargement without finding that Uhlig's motion violated the Local Rules. To the extent the Court wishes to clarify formatting expectations for future filings, Uhlig respectfully requests that any such clarification be prospective in the event the Court chooses not to accept "Exactly-24" spacing and not framed as a ruling that Uhlig's prior use of "Exactly-24" spacing was improper.[1]

Respectfully submitted this 3rd day of August, 2026.

KUTAK ROCK LLP

s/ Juliet A. Cox
Juliet A. Cox, KS Bar #17016
2405 Grand Blvd., Suite 600
Kansas City, MO 64108
Tel: (816) 960-0090
Fax: (816) 960-0041
juliet.cox@kutakrock.com

and

Thomas W. Snyder, CO Bar #33106
(admitted *pro hac vice*)
Hannah E. Huston, CO Bar #59293
(admitted *pro hac vice*)
KUTAK ROCK LLP
2001 16th Street, Suite 1800
Denver, CO 80202
Tel: 303-297-2400
Fax: 303-292-7799
Thomas.snyder@kutakrock.com
Hannah.huston@kutakrock.com

*Attorneys for Plaintiff*

---

[1] Uhlig is submitting the instant document in the Microsoft Word "double" preset to avoid additional controversy, pending the Court's ruling on Defendants' Motion.

4

4905-6856-6980.1

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2026 the foregoing was filed via CM-ECF, which will automatically send an electronic copy to all counsel of record.

s/ *Juliet A. Cox*
*ATTORNEYS FOR PLAINTIFF*

4905-6856-6980.1